**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4466

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY ALLEN MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (CR-02-10059)

Submitted: December 18, 2003      Decided: January 15, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Troy Allen Moore appeals his conviction and sentence on narcotics and firearms charges, in violation of 18 U.S.C. §§ 922(g)(9), 924(c) (2000), 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Moore to a total of 106 months' imprisonment, five years of supervised release, and a $700 special assessment. Moore's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), discussing the propriety of the district court's two level enhancement pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2002), but concluding that there are no meritorious grounds for appeal. Moore was notified of his right to file an additional brief, but failed to do so.

By counsel, Moore challenges the enhancement of his offense level for perjury at trial. Moore's trial testimony was a direct attempt to rebut the evidence against him, including that offered by Special Agent Tom Lesnak of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the contents of an audio tape which recorded illegal narcotics transactions between Moore and a government informant. At trial, Moore denied selling any drugs to the informant and further denied admissions he made following his arrest that he sold drugs to the informant and that he was a user of illegal drugs. We have reviewed the record and conclude that the district court's enhancement of Moore's sentence was made in accordance with the mandates of United States v. Dunnigan, 507 U.S.

- 2 -

87, 95 (1993), and was proper. There was ample evidence to support the district court's determination that Moore's testimony was false, material, and was not due to confusion, mistake, or a faulty memory. Id. at 94.

In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues; we find none. There were no irregularities in the pre-trial or trial process, and we find that Moore was sentenced upon a proper application of the United States Sentencing Guidelines and consistent with statutory and constitutional law. Accordingly, we affirm Moore's conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -